**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    Case No. 1:17-cr-03422-WJ

VICTOR ORTIZ-HERNANDEZ,
A.K.A. "GUERO,"

    Defendant.

**MEMORANDUM OPINON AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 USC § 3582 and
UNDER AMENDMENT 821 PART B OF U.S. SENTENCING COMMISSION
REGARDING "STATUS POINT OFFENDER" REDUCTION**

**THIS MATTER** is before the Court on the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 and Under Amendment 821 Part B of U.S. Sentencing Commission Regarding "Status Point Offender" Reduction filed by Defendant Victor Ortiz-Hernandez (**Doc. 79**) ("Motion"). The Federal Public Defender has filed a Notice of Review Under Guideline Amendment 821 stating that it will not be filing a motion on behalf of Defendant. (**Doc. 83**). The United States has also filed a Response in opposition to the Motion. (**Doc. 84**). The Court finds that Defendant has not shown any entitlement to relief under either § 3582 or Amendment 821. Therefore, the Court denies the Motion.

Although Defendant includes a reference to compassionate release under §3582 in the title of his Motion, he does not make any compassionate release argument or request any relief under §3582 in the body of his Motion. Instead, his Motion states:

> "Defendant Victor Ortiz-Hernandez qualifies for a status point reduction under Amendment 821 Part B.
> RELIEF REQUESTED

1

Reduction of sentence in compliance of U.S. Sentencing Commission amendment 821."

(**Doc. 79 at 1**).  Because the Motion does not address, make any reference to, or present any grounds related to compassionate release under §3582, the Court denies any request for compassionate release.[1]

The Court also denies Defendant's request for a sentence reduction under Amendment 821.

On December 6, 2017, a two-count Indictment was filed in United States District Court, District of New Mexico, Cause No. 17-CR-3422-WJ, charging the defendant, Conspiracy to Distribute a Controlled Substance, a Mixture and Substance Containing Methamphetamine; and Distribution of 500 grams and More of Mixture and Substance Containing a Detectable Amount of Methamphetamine and Aiding and Abetting.

On December 6, 2017, a four-count Indictment was filed in United States District Court, District of New Mexico, Cause No. 17-CR-3420 WJ, charging the defendants, Victor Ortiz-Hernandez, a.k.a. "Guero", and a co-defendant with Conspiracy to Distribute a Substance, a Mixture Containing a Detectable Amount of Methamphetamine; two counts of Unlawful Use of a Communication Facility; and the defendant alone was charged in Count 4 with Reentry of a Removed Alien.

On April 22, 2019, the Defendant pled guilty to all counts of both Indictment 1:17CR3422 and Indictment 1:17CR3420. See **Doc. 48**.

U.S.S.G. § 4C1.1 provides that a zero-point offender may receive a reduction only if the defendant meets ***all*** of the eleven criteria in § 4C1.1.  (emphasis added).  § 4C1.1(a)(1-11).

---

[1] The Court notes that Defendant did file a motion for compassionate release in a related case, *United States v. Victor Ortiz-Hernandez*, 1:17-cr-03420-WJ.  (17cr3420, Doc. 126).  The Court concluded that Defendant had not presented extraordinary or compelling circumstances justifying compassionate release and denied the motion.  (17-cr-3420-WJ, Doc. 131).

Defendant Ortiz-Hernandez is a zero-point offender.  (Doc. 49 at 12, ¶¶ 64, 65).  Although Defendant Ortiz-Hernandez meets some of the criteria in § 4C1.1(a), he clearly does not meet the criteria set out in subsection 4C1.1(a)(10).  Subsection 4C1.1(a)(10) provides that a zero-point offender may receive a two-point reduction only if "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)."

In the offense level calculation section of the Presentence Investigation Report for both cases, included in the calculation is a +2 adjustment under U.S.S.G. § 3B1.1(c) as an organizer, leader, manager, or supervisor. (Doc. 49 at 10, ¶ 44).  Defendant objected to the § 3B1.1 adjustment and the Court heard argument on the objection at the sentencing hearing.  The Court expressly found that the 2-level adjustment for leader or organizer was properly applied.  (Doc. 74 at 8-9, 16).  Because Defendant received the 2-level adjustment under § 3B1.1, he does not meet the criteria for a zero-point offender adjustment under § 4C1.1, and is ineligible for a reduction in sentence under the zero-point offender provisions of Amendment 821 Part B.

**IT IS ORDERED:**

(1) Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 and Under Amendment 821 Part B of U.S. Sentencing Commission Regarding "Status Point Offender" Reduction filed by Defendant Victor Ortiz-Hernandez (**Doc. 79**) is **DENIED**; and

(2) Defendant's request for a status report (**Doc. 80**) is **DENIED as moot.**

_____/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3